MARY SHAW, as Administratrix, etc., Respondent, *v.* CHARLES L. SHELDON et al., Appellants.

(Argued October 8, 1886 ; decided November 23, 1886.)

THIS action was brought to recover damages for alleged negligence causing the death of Peter Shaw, plaintiff's intestate.

The deceased was a workman employed in defendant's rolling-mill; he stepped upon an iron tub (called a "bosh") in the vicinity of the rollers, which were uncovered, and slipped off, one foot and leg passed between the revolving coupling of the rolls, causing the injuries of which he died.

The following is the *mem.* of opinion:

"The majority of the court are of opinion that this judgment should be reversed for the reason that the facts established, beyond dispute, that the injured employe entered upon the service, and remained in it with a full knowledge and appreciation of the risk and danger resulting from leaving the couplings uncovered. The fact was entirely obvious, the resultant peril plain at a glance, and the injured servant a skilled workman, a foreman of the rollers, accustomed to the machinery and the service, and having the capacity and ability to fully appreciate the consequences of leaving the couplings uncovered. Within the rule applicable to such cases, the plaintiff's intestate took upon himself the risk of injury from the observed and obvious omission.

"The court are also of opinion that the trial judge erred in charging the jury that if they believed the evidence of the superintendent, that he asked the deceased if he wanted the couplings covered, and the latter declined the precaution, it was a circumstance for them to consider upon the question of the assumption of consequent dangers by the deceased. If the fact sworn to was true, it conclusively proved that the servant took upon himself the risks of the omission, and freed the employer from responsibility. The jury should have been so charged. The principal doubt among us on this branch of the case has been whether the defendant's exception was sufficient to bring up the question.

"The judgment should be reversed, and a new trial granted, costs to abide the event."

*Richard C. Steel* and *C. D. Adams* for appellants.

*Louis Marshall* for respondent.

*Per Curiam mem.* for reversal.

RAPALLO, ANDREWS, MILLER and EARL, JJ., concur; RUGER, Ch. J., FINCH and DANFORTH, JJ., dissent.

Judgment reversed.