Barnard, P. J.
The plaintiff made out no cause of action. An employee takes the risk of the employment upon himself, which includes the risk arising from the negligence of a co-employee. Shaw v. Sheldon, 103 N. Y., 667; 3 N. Y. State Rep., 679.
If injury results, no responsibility is thrown on the master, unless he fails in some duty which the master owes to-the employee. It is an exception to the rule that the employee assumes all risks of the employment, when the master omits to furnish a safe place for the work of the employment, good and sufficient appliances and skilled and competent fellow workmen. In such cases the master is liable if an accident result from his omission. In the present case there was no omission of the master’s duty. The place was safe. The derrick was strong and sufficient. The material for the staging upon which to place the derrick were entirely safe, but a shoe was put under the plat *585 form not plumb. It was a little too high for the place and it was put in slanting, and when the weight was applied to the derrick it fell. This was done by the foreman or under his directions. When the duty is one which the operator owes to the employer and to his fellow employees, the performance of it is that which the servant owes, whatever his grade. Crispin v. Babbitt, 81 N. Y., 516; Shaw v. Sheldon, 103 id., 667; 3 N. Y. State Rep., 679. The case seems to fall within the authority of Neubauer v. Lake Erie, etc., Railroad, 101 N. Y., 607.
The exceptions should, therefore, be overruled, and judgment ordered upon the verdict for the defendant, with costs.
Dykman, J., concurs; Pratt, J., not sitting.