### DERING v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, General Term, Fourth Department. February, 1893.)

1. INJURIES TO SWITCHMAN—PROOF OF NEGLIGENCE.

Plaintiff's intestate, a switchman in defendant railroad company's employ, was run over and killed by an engine in defendant's freight yard after operating the switch to allow some cars to pass. He went from his switch onto the track on which the engine which ran over him was following the cars which he had switched. The engine was moving at the rate of about three or four miles per hour, and intestate was apparently trying to cross in front of it. He was heard by the engineer to call out, and the engineer immediately stopped his engine, and found him under the tender. *Held*, insufficient to warrant a finding that the injury was occasioned solely by defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

It further appearing that plaintiff's intestate had been in defendant's employ for many years, and was thoroughly conversant with the dangers incident to his occupation, a finding that he was free from negligence is not supported by the facts.

3. SAME—DECLARATIONS.

Evidence that plaintiff's intestate, when taken from under the engine, asked "how he got there," was properly excluded, as being a declaration of intestate, sought to be given in favor of plaintiff.

Appeal from circuit court, Oneida county.

Action by Eliza Dering, as administratrix of the estate of Bernard Dering, against the New York Central & Hudson River Railroad Company to recover damages for the alleged negligent killing of her intestate by defendant. A nonsuit was granted, and plaintiff appeals. Affirmed.

Plaintiff's intestate was in the employ of the defendant for a period of about 30 years, and was about 62 years of age, when, on the 3d of March, 1890, he was injured in the freight yard at East Utica by being run over by an engine and tender belonging to the defendant then in use in its business in said freight yard. The deceased was a switchman. About 4 o'clock in the afternoon of the 3d of March the deceased, after operating his switch to allow four cars to pass, with the engine that had pushed the cars in full view on the adjoining track, for some reason not disclosed by the evidence attempted to pass from his switch north onto the track on which the engine which produced the injury was slowly following the cars he had switched. No witness describes his movements just before the injuries were received. Apparently he attempted to cross in front of the moving engine, and he was heard to halloo, and was found under the wheels of the truck of the engine. As soon as his voice was heard by the engineer in charge of the engine, the engine was stopped, and it was found that one wheel of the truck had passed over his right arm and leg, and the other wheel stood on the left foot, so that the engine had to be started to extricate him. He was picked up by the servants of the defendant, and shortly thereafter died from the injuries which he received. Apparently the deceased was a careful, temperate, prudent man. He was seen just before he was injured, sitting on the branch near the roundhouse, on the second or third branch. The second switch from the roundhouse is on track No. 1. There was an engine east of the deceased, and the engine blew for the deceased to come and shift a branch on track No. 4, and he thereupon started to go across, looking towards the east, towards the engine that was blowing. The engine that injured him stood west of him, on track No. 2. It is claimed in behalf of the plaintiff that at the time the accident occurred the fireman was not on the engine, but had temporarily gone therefrom to secure oil. The engine was moving apparently at the rate of three or four miles an hour. At the close of the evidence the defendant moved for a nonsuit on several grounds, among others, that "the evidence fails to show affirmatively that there was no negligence on the part of the deceased producing, or tending to produce, the injury;" also, "The evidence shows that ordinary and usual care and prudence on the part of the deceased would have avoided the injury which produced his death;" also, that "the evidence fails to show that the defendant was guilty of negligence that alone produced the injury claimed upon;" also, "The deceased, in accepting and continuing in the employment of the defendant, assumed all the hazard and risk of the situation from which it is claimed that he was injured." When the motion for a nonsuit was granted, the plaintiff took an exception.

Argued before HARDIN, P. J., and MARTIN, J.

M. V. B. McGraw, for appellant.
Cyrus D. Prescott, for respondent.

HARDIN, P. J. Plaintiff's evidence failed to show any specific act or definite omission on the part of the defendant which warranted a finding that the injury was occasioned solely by the negligence of the defendant towards its employes. Morrison v. Railroad Co., 63 N. Y. 643. In Dobbins v. Brown, 119 N. Y. 193, 23 N. E. Rep. 537, in speaking of actionable negligence, it was said that it "must be proved, either by direct evidence or the proof of facts from which the inference of negligence can be legitimately drawn by the jury. It cannot be supported by mere conjecture or surmise, but must be made referable by the proof to some specific cause or defect. It has been held that the mere fact that an accident occurred which caused an injury is not generally, of itself, sufficient to authorize an inference of negligence against a defendant. Curtis v. Railroad Co., 18 N. Y. 534." In Powers v. Railroad Co., (Sup.) 14 N. Y. Supp. 408, affirmed 128 N. Y. 659, 29 N. E. Rep. 148, it was said by Martin, J., speaking for this court, viz.:

"While it must be admitted that negligence is generally a question for the jury, still it is only when the facts would authorize a jury to find it that it should be submitted to them. Sutton v. Railroad Co., 66 N. Y. 243."

And that learned judge in his opinion used language and stated numerous authorities that are pertinent to the question now under consideration.

2. Plaintiff was called upon to prove by affirmative evidence, or to produce facts and circumstances, coupled with the occurrence of the accident, which would indicate or tend to establish a freedom of the deceased from contributory negligence, and that the deceased used care and prudence preceding and at the time the injuries occurred. Tolman v. Railroad Co., 98 N. Y. 198. It is true, as claimed by the appellant, that in considering this motion we must give the most favorable construction of, and inference that can be reasonably drawn from, the evidence to the plaintiff. Galvin v. Mayor, etc., 112 N. Y. 230, 19 N. E. Rep. 675. With that rule in mind, we are unable to say that the facts proved fairly tended to support an affirmation that the plaintiff's intestate was free from negligence. Cahill v. Hilton, 106 N. Y. 522, 13 N. E. Rep. 339. The deceased had been in the employ of the defendant, engaged in the business which occupied his attention on the day he received his injuries, for many years, and was conversant with all the incidents and dangers surrounding the occupation. And in Gibson v. Railway Co., 63 N. Y. 449, it was said of an employe, viz.:

"If he accepts service with knowledge of the character and position of structures from which employes might be liable to receive injury, he cannot * * * in case of injury hold him liable."

The same doctrine has been repeated in numerous cases. See Cahill v. Hilton, 106 N. Y. 518, 13 N. E. Rep. 339; Shaw v. Sheldon, 103 N. Y. 667, 9 N. E. Rep. 183. And in Powers v. Railroad Co., supra, Martin, J., said:

"Where a servant enters upon an employment from its nature necessarily hazardous, he assumes the usual risks and perils of the service, and also those that are known to him, or which are apparent to ordinary observation."

In Williams v. Railroad Co., 116 N. Y. 629, 22 N. E. Rep. 1117, the rule was adverted to and stated in the following language:

"The rule is that a servant who enters upon employment from its nature hazardous assumes the usual risks and perils of the service, and of the open, visible structures known to him, or of which he must have known had he exercised ordinary care and observation."

3. When Walyers, a witness who was near the scene of the accident, was being examined he testified as follows:

"I found him with his right arm cut off, and his right leg and his left foot was right under the tank of the engine when I found him. The engine had to slack ahead a little to let him out. His left foot was smashed through his boot when I found him. He asked me then how he got there, and I couldn't tell him."

This last expression was objected to, and the court remarked, "Leave that out." An exception was taken. We think the exception presents no error. First, it was a declaration of the deceased, sought to be given in favor of the plaintiff; second, if it had been allowed to remain

in the case, it is not apparent that it would have produced a different ruling upon the motion for a nonsuit than the one that was made at the circuit. We think the trial judge committed no error in his rulings at the circuit, and that the nonsuit there granted must be allowed to remain. Judgment affirmed, with costs.