DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## October, 1893.

FREDRICH DIEBOLDT, an Infant, by MARGARET DIEBOLDT, his Guardian ad litem, Respondent, v. THE UNITED STATES BAKING COMPANY, Appellant.

*Employer and employee — accident to the employee caused by the failure of the employer to maintain statutory automatic fasteners on elevator doors — contributory negligence on the part of the employee.*

Although an employer may be negligent in failing to maintain automatic fasteners for the doors of an elevator well in accordance with the provisions of section 8 of chapter 462 of the Laws of 1887, still, when his employee knows of the condition of the doors and of the kind of fastenings provided therefor, it becomes the duty of the employee to guard against any accident which may be liable to occur in consequence of the absence of such automatic fasteners.

A boy seventeen years of age, engaged in operating a freight elevator in his employer's building, left the elevator at an upper floor and stepped into a room through the doors of the elevator well, which were not constructed with automatic fasteners in accordance with the statute, to get his lunch basket ; on returning, as testified by the plaintiff, he looked in but did not see whether the elevator was there or not ; that he turned around to speak to a person standing near, and then backed into the well; the elevator not being where he had left it, he fell and was injured, and thereafter brought an action against his employer to recover the damages resulting from the accident.

The evidence showed that while the plaintiff was absent from the elevator, the defendant's engineer had entered it and lowered it, and there was some conflict in the proof as to the distance the plaintiff went from the elevator and the time he was absent therefrom.

*Held*, that assuming that the defendant was negligent in not procuring automatic fasteners for the doors, still the evidence showed that the plaintiff was negli-

gent; that this negligence on his part was the cause of his injury, and that because of such negligence he could not recover.

APPEAL by the defendant, the United States Baking Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Erie county on the 16th day of February, 1893, upon a verdict rendered at the Erie Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

*C. S. Crosser*, for the appellant.

*Wallace Thayer*, for the respondent.

HAIGHT, J.:

This action was brought to recover damages for a personal injury. Plaintiff was an infant seventeen years of age; he had been in the employ of the defendant for eight months, and at the time of the receiving of the injury for which this action was brought was engaged in operating an elevator in the defendant's building. The elevator was located in the center of the building and ran up through four stories to the roof. The well of the elevator was inclosed. There were double doors upon each floor opening out into the room. Upon the fourth floor the building was divided into two rooms by the elevator well, and there were two sets of doors, one opening into the front room and the other into the rear room. The elevator was used for the hoisting of material, and was not used for the carriage of persons. It appears that there were skylights over the top of the elevator well; that on the day in question they had been removed; that in the large room of the fourth story there were fifteen windows and three skylights; that at the time in question the day was bright and the sun was shining. On the 11th day of June, 1892, at about half-past five o'clock in the afternoon, the plaintiff ran the elevator up to the roof, where men were engaged in constructing an addition to the building. He looked at the men and then returned with the elevator to the fourth floor, and, as he testified, opened the doors into the front room, left them open about a foot and a half, went about ten feet to get his lunch basket and immediately returned without stopping to talk with anybody; walked towards the elevator doors where they were standing as he had left them; looked in the

elevator well, but that it was so dark that he could not see whether the elevator was standing there or not; turned around towards a girl by the name of Sophia Luse, who was standing near by; said " good night" to her; took hold of the doors with his hands and backed into the elevator well, falling to the lower story, receiving the injuries for which this action was brought. He says that he was not gone from the elevator more than a minute. It further appeared that after the plaintiff left the elevator to get his lunch basket, as he says, that one Peter Young, an engineer in the employ of the defendant, entered the elevator and ran it down to the first story. He testified that he entered it from the front room, closing the doors after him, and took the elevator down to where it belonged ; that the time to quit work had arrived, and notice had been given to that effect, and it then became his duty to see that everything pertaining to the machinery was put in its proper place. Other evidence was given tending to show that there were thirty-five girls at work in the room ; that the plaintiff had been absent from the elevator from four to ten minutes ; that he was from forty to fifty feet away, and was engaged in talking with the girls ; that when he returned to the elevator the doors were closed as testified to by some of the witnesses and controverted by the others ; that he opened the doors, turned to the girls, was waving his hand at them, bidding them good bye, when he backed into the elevator and fell. It further appeared that the doors to the elevator well were not constructed with automatic fasteners in accordance with the provisions of section 8 of chapter 462 of the Laws of 1887. We shall, therefore, for the purposes of this case, assume that the defendant was negligent in not procuring such automatic fasteners (*McRickard* v. *Flint*, 114 N. Y. 222), and shall consider only the question of the plaintiff's contributory negligence. A motion was made for a nonsuit upon this ground, and the same was denied and an exception taken.

The plaintiff knew of the condition of the doors, and of the kind of fastenings that had been provided therefor. It, therefore, became his duty to guard against any accident which was liable to occur in consequence of the absence of automatic fasteners. (*Freeman* v. *Glens Falls Paper Mill Co.*, 24 N. Y. Supp. 403 ; *Gibson* v. *Erie Ry. Co.*, 63 N. Y. 449 ; *De Forest* v. *Jewett*, 88 id. 264 ; *Appel* v.

*B., N. Y. & P. R. Co.*, 111 id. 550; *Haas* v. *B., N. Y. & P. R. R. Co.*, 40 Hun, 145; *Powers* v. *N. Y., L. E. & W. R. Co.*, 98 N. Y. 274; *Shaw* v. *Sheldon*, 103 id. 667.)

The plaintiff says that as he looked into the elevator well it was dark, and that he could not see whether the elevator was there or not. It was, however, at half-past five o'clock in the afternoon of one of the longest days in the year, bright and the sun shining. The top of the elevator well had been removed, and there does not appear to have been anything to obstruct the light from entering the well, and it is quite evident from all the testimony in the case that he could have seen had he carefully looked. He says he was gone from the elevator but a minute and but ten feet away, and yet it appears that Peter Young came to the elevator, found it alone with the doors open; that he entered the same and took it down to the lower floor without the plaintiff's observing it. It is quite possible that he, the plaintiff, was gone a longer time and a greater distance from the elevator than he admits. He concedes that a week before the accident he was instructed by Mr. Derrick, the superintendent of the defendant, not to leave the elevator alone; that on that occasion he had left it to do an errand for some one, and when he returned Mr. Derrick took him to task about leaving it and told him never to leave it again, to always stand upon it. Mr. Derrick tells us that his instructions were not to leave the elevator at any place except upon the first floor, and under no circumstances to leave it alone; that he was particularly careful of this for he feared that some of the other boys might take the elevator to run it for themselves. He further testified that he should not have regarded it a disobedience of his instructions had the plaintiff simply stepped off to get his lunch basket, but that he should have considered it a breach if the plaintiff stayed away long enough for some one else to come and take it. The plaintiff further concedes that as he returned he looked into the well, but did not see whether the elevator was standing there or not; that he turned around, bid good night to the girl that was standing near, and then backed into the well. In this it appears to us he was negligent and that this negligence was the cause of his injury, and that because of such negligence he cannot recover. (*Hickey* v. *Taaffe*, 105 N. Y. 26; *Williams* v. *The D., L. & W. R. R. Co.*, 116 id. 628.)

The judgment and order should be reversed and a new trial granted, costs to abide the event.

.DWIGHT, P. J., and LEWIS, J., concurred.

Judgment and order reversed and new trial granted, with costs to abide the event.