## HOFF v. HEFFORD.

(Supreme Court, Equity Term, Erie County.    October, 1897.)

MONEYED CORPORATIONS—LIABILITY OF OFFICERS FOR FALSE REPORTS.

　　Under the general classification of corporations, by Laws 1892, c. 687, § 2, stock corporations include moneyed corporations. Laws 1892, c. 688, § 30, provides that every stock corporation, except moneyed and railroad corporations, shall annually make a report of its condition. Section 31 provides that, if any such report shall be materially false, the officers and directors signing it shall be personally liable; and section 1, that article 1 of such act shall not apply to moneyed corporations. Under Laws 1892, c. 689, § 20, moneyed corporations are required to make report to the superintendent of banks. *Held*, that a complaint alleging that defendant, as director and president of a certain bank, which was insolvent, made a false report of its condition, by reason of which plaintiff was induced to purchase worthless stock thereof, stated a cause of action, as section 31 is in article 2 of the act in question, and is, therefore, not embraced in the exception contained in section 1 thereof.

Action by Katherine Hoff against Robert R. Hefford. On demur-
rer to complaint. Overruled.

Humphrey, Lockwood, Hoyt, Greene & Yeomans, for plaintiff.
Rogers, Locke & Milburn, for defendant.

TITUS, J. The defendant demurs to the plaintiff's complaint, on
the ground that it does not state facts sufficient to constitute a cause
of action. The action is brought to recover damages under section 31
of chapter 688 of the Laws of 1892, known as the "Stock Corporation
Law." The Bank of Commerce is a moneyed corporation, and under
the provisions of the banking law is required to make a report to the
banking department showing its financial condition. The complaint
alleges that the defendant was a director and president of the bank,
and, as such, made a report to the banking department, pursuant to
law, showing the bank to be solvent, and having a large surplus over
and above its capital stock; that such report was false; that the bank
had no surplus, and was, in fact, insolvent, at the time the report
was made. It is further alleged that the plaintiff, upon the faith of
such report, purchased stock of the bank, which was worthless. For
the purposes of the question raised by this demurrer, whatever may
be the fact, the complaint must be taken as true that the defendant
made a false report, and that the Bank of Commerce was insolvent.
I am referred to no authority giving construction to section 31 of the
stock corporation law, and have not been able to find that any court
has passed upon the question. Under the general classification of
corporations, stock corporations include moneyed corporations. Laws
1892, c. 687, § 2. Section 30 of the stock corporation law provides
that "every stock corporation, except moneyed and railroad corpora-
tions, shall annually" make a report of its condition. Moneyed cor-
porations are required to make a report to the superintendent of
banks. Section 20 of the banking law. Section 31 of the stock
corporation law, under which this action is brought, provides that,
"if any certificate or report made or public notice given by the officers
or directors of a stock corporation shall be false in any material
representation, the officers and directors signing it shall jointly and
severally personally be liable." It is conceded that, unless this clause
applies to banking corporations, the plaintiff cannot recover, and
consequently has no civil remedy against the defendant for making a
false report, as no provision of the banking law (chapter 689, Laws
1892), gives a remedy to the injured party. Section 1 of the stock
corporation law provides that "article 1 shall not apply to moneyed
corporations," thus inferentially making so much of the act not con-
tained in article 1 apply to moneyed corporations, so far as the pro-
visions of that act may be necessary to give full effect to the banking
law. Section 31 is in article 2 of the act, and is not embraced within
the exception contained in section 1. If the stock corporation law,
excluding article 1, is or may be applicable to moneyed corporations,
—and such seems to be the legislative intent,—why, then, is not sec-
tion 31 of that act? There does not seem to be any good reason why
officers of moneyed corporations should not be amenable to this law.

By making false reports of its financial condition, innocent persons are led to invest their money in its worthless stocks, and it seems to me that this section of the statute should be applicable to corporations organized under the banking law.

The demurrer is overruled, with costs, after the service of the demurrer, with leave to the defendant within 20 days after service of notice of entry of judgment to serve an answer, on payment of costs.