HENRIQUES et al., Appellants, v. MIRIAM OSBORN MEMORIAL HOME ASS'N et al., Respondents. (Supreme Court, Appellate Division, First Department. April 22, 1898.) Action by Leila O. Henriques and another against the Miriam Osborn Memorial Home Association, impleaded.

PER CURIAM. This case involves the precise questions that have been already decided in the case of Henriques v. Yale University, 51 N. Y. Supp. 284; and, for the reasons stated in the opinion in that case, the judgment herein must be affirmed, with costs.

HOFF, Respondent, v. HEFFORD, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Katherine Hoff against Robert R. Hefford. No opinion. Interlocutory judgment affirmed, with costs, and leave granted to withdraw the demurrer and answer upon payment of the costs of the demurrer and of this appeal. See 49 N. Y. Supp. 172.

HOFFMAN, Respondent, v. SOLVAY PROCESS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 7, 1898.) Action by Jacob Hoffman against the Solvay Process Company. E. J. Page and Louis L. Waters, for appellant. P. J. Ryan, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

ADAMS, J. (dissenting). The scaffold or platform upon which the plaintiff was at work at the time of the accident was an ordinary contrivance, and there is no dispute whatever as to its character. It consisted simply of two planks, one end of which rested upon a wooden horse, and the other upon a narrow cleat attached to the window casing. The planks were not nailed or fastened at either end, and this fact was perfectly patent to the most casual observer. Shortly after the plaintiff mounted the platform, the weight of the two persons thereon caused it to sag in the center, in consequence of which the end towards the window slipped off the cleat, as might have been expected. The plaintiff had abundant opportunity to acquaint himself with the condition of the structure had he made the slightest effort to do so; for he testified that as he stood upon it he was only eight feet from the window, that he could have seen if he had looked that the boards were not fastened to the cleat, and that it would not have taken him a minute to discover that fact. In these circumstances, it seems to me that it will hardly do to say that, because the platform had been constructed by the defendant, the plaintiff had a right to assume that it was all right and perfectly safe. The case relied upon by the plaintiff (Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449) was very different in many respects from the one we are considering. In that case much stress was laid upon the fact that the plaintiff had no opportunity to inspect the defective platform before it gave way; that it was doubtful if he could have discovered its defective condition had he looked; and that he had the personal as-surance of the defendant's foreman that it was entirely safe. That case, therefore, with these elements in it, presented an issue of fact which ought properly to have been submitted to the jury; but here we think the rule which requires a party to take notice of a risk or defect which is perfectly obvious should have been applied; and inasmuch as the plaintiff conceded that the defect was obvious, and that he was utterly indifferent to it, he ought, in my opinion, to have been nonsuited. Shaw v. Sheldon, 103 N. Y. 667, 9 N. E. 183; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; Diebolt v. Baking Co., 72 Hun, 403, 25 N. Y. Supp. 205.

HOPKINS v. CLARK. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) In the matter of the application of Burton J. Hopkins for an order that an execution issue, etc., against Frank W. Clark, as administrator with the will annexed of John Clark, deceased. No opinion. Motion granted, with $10 costs, unless the appellant shall, within 20 days, make, serve, and file an undertaking, and pay $10 costs of opposing the motion.

HOWARD et al., Appellants, v. CITY OF ROCHESTER, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Henry C. Howard and others against the city of Rochester. No opinion. Judgment affirmed, with costs.

HYLAND, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by George Hyland against the New York Central & Hudson River Railroad Company. No opinion. Motion for reargument denied, without prejudice to an application for leave to appeal to the court of appeals. See 41 N. Y. Supp. 1119, and 48 N. Y. Supp. 416.

In re INTERNATIONAL SOC. OF HOTEL EMPLOYES. (Supreme Court, Appellate Division, First Department. April 7, 1898.) In the matter of the International Society of Hotel Employés. No opinion. Motion granted, with $10 costs.

ISAACS et al. v. CALDER. (Supreme Court, Appellate Division, First Department. April 7, 1898.) Action by David J. Isaacs and another against Mary E. Calder. No opinion. Motion granted, with $10 costs.