### KLINE v. ABRAHAMS et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

MASTER AND SERVANT—NEGLIGENCE—ASSUMPTION OF RISK—QUESTIONS FOR JURY.

Where plaintiff, after being in the defendants' employ for 10 days, was injured by slipping on a stairway on the premises, and it was shown that several others had fallen on the same place, and that defendants' attention was called to the slippery condition of the stairway, and that they had talked about removing the defect, but had not done so, the question of their negligence, and of whether the defect was so open that plaintiff assumed the risk, was for the jury.

Hirschberg, J., dissenting.

Appeal from trial term, Kings county.

Action by Josephine Kline, an infant, by Eugenia Wiemars, guardian ad litem, against Abraham Abrahams and others, for personal

injuries. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Thomas F. Magner, for appellant.

Robert Thorne (Frank V. Johnson, on the brief), for respondents.

HATCH, J. It appears from the testimony in this case that the plaintiff was employed by the defendants in their store as an assistant cashier, and that she had been in such employ for a week or 10 days prior to the injury which is the subject of this action. The defendants had constructed in their place of business a staircase of highly-polished marble, and, as the plaintiff was descending these stairs in the course of her employment, she slipped and fell, receiving injury. The proof on the part of the plaintiff tended to establish that after the construction of the staircase a number of people making use thereof had slipped and fallen thereon, and that accidents of this character had become so frequent that the superintendent of the defendants called such fact to their attention, and consultation was had respecting the adoption of means to prevent such occurrences. This proceeded to a point where estimates were obtained to obviate the danger by laying rubber upon the stairway, but nothing further was ever done in the matter. All of this took place prior to this accident. It is therefore abundantly established that the defendants had caused to be erected a dangerous staircase, in the use of which many accidents had occurred, and from which danger was to be apprehended at all times in its use. This condition was clearly sufficient upon which to predicate the negligence of the defendants. The motion for the dismissal of the complaint was based upon the ground that the plaintiff had failed to establish negligence on the part of the defendants, and that the accident was the result of a condition which was open and obvious to the plaintiff, and of which she took the risk. It is apparent that the judgment may not be sustained upon the first ground. Can it be upon the second? The obligation resting upon the defendants was to guard the plaintiff against probable danger, where the same could be accomplished by the exercise of a reasonable degree of care and caution. That the master will perform this obligation may be assumed by the servant. Until such obligation is discharged by the master, no risk is assumed by the servant, unless the same be an open, obvious risk, which must be presumed to be equally within the knowledge of the servant as within the knowledge of the master. Davidson v. Cornell, 132 N. Y. 228, 30 N. E. 573. The construction of a marble staircase is not unusual, and its use is quite common. Indeed, there is nothing in such a structure which conveys to the mind any danger in the use to which it is put. So there is nothing in the fact that the structure was marble which would convey to the mind of a person ordinarily careful and prudent the idea that there was any danger in its use. The proof in the present case shows that this staircase was used by a multitude of people, and it must therefore be assumed that there was nothing

in its appearance which would indicate that any latent defect existed which in fact made its use dangerous. It is equally clear, therefore, that the jury might have found that nothing in the appearance of the staircase indicated that it was unsafe to use, more than would be any marble staircase. It cannot be said, as matter of law, that the latent danger which in fact existed in the use of the staircase was open and obvious. It must be assumed that the defendants themselves, when they erected it, did not intend to erect a structure so dangerous in character that people making ordinary use of it would slip and fall. Such fact only became apparent after the structure was erected and tested by actual use. Such condition was evidently no more obvious to the defendants than to other persons, and, had this plaintiff been injured on the first day that the staircase was used, doubtless no liability would attach to the defendants. But, so far as outward appearances were concerned, persons making use of the staircase would have the right to assume that it was safe. It was only after an actual test that the staircase was found to be dangerous. Such being the fact, it would seem to follow, as a necessary conclusion, that the latent danger which it possessed was not open and obvious to mere inspection. If this be the fact, then it is clear that the court could not say, as matter of law, that the plaintiff assumed the risks incident to its use. On the contrary, as the defendants themselves must be presumed not to have known of the inherent danger of the structure, so the plaintiff could not be charged with such knowledge as matter of law. When, however, by the actual test of use, it was found that the condition was dangerous, and that it could be made safe by a simple appliance, at comparatively little expense, the duty rested upon the defendants so to make it safe, and this obligation they owed to the plaintiff as well as to other persons. McGovern v. Railroad Co., 123 N. Y. 280, 25 N. E. 373; Slacer v. Engineering Co., 4 Misc. Rep. 493, 24 N. Y. Supp. 550. The obligation which rested upon the defendants was not discharged, and for such failure the jury would have been authorized to find the defendants negligent. The latent defect the jury would also have been authorized to find was not so visible and obvious as to charge the plaintiff with the risk of the use of the staircase. Both of these questions were for the jury to make answer. The dismissal of the complaint was therefore error, for which the judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the event. All concur, except HIRSCHBERG, J., who dissents.