WILLIAM H. ODELL, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover for injuries sustained by plaintiff while in defendant's employ, it appeared that for several months prior to the accident plaintiff had been engaged in operating sawing machines in defendant's car shops; that the injury resulted from the unexpected starting of the machinery, occasioned by a defect, while plaintiff was engaged in changing saws, in doing which it was necessary for him to put his hand upon them. Defendant's evidence tended to show that plaintiff had full knowledge of the existence of the defect complained of prior to the accident. Defendant's counsel requested the court to charge that, if the plaintiff knew or had notice that the machine was out of order, and with this knowledge he placed his hand on the saw, this, "under the

circumstances, constitututes contributory negligence, and the plaintiff cannot recover." This request was refused. *Held* (BRADLEY, J., dissenting), error.

(Submitted April 14, 1890; decided May 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*William H. Robertson* for appellant. The plaintiff was guilty of gross carelessness in putting his hand on the top of the saw while putting on and adjusting the saws, especially so as he seems to have known that the machinery was out of order, and had, once before, started without being set in motion by the plaintiff. (*Leary* v. *B. & A. R. R. Co.*, 32 Alb. L. J. 299.)

*Martin J. Keough* for respondent. Upon the proof the question of defendant's liability was a question of fact for the jury, and not a question of law for the court. (*Stringham* v. *Stewart*, 100 N. Y. 516 ; *Benzing* v. *Steinway*, 101 id. 547 ; *Pantzer* v. *T. F. I. M. Co.*, 99 id. 368 ; *Kain* v. *Smith*, 89 id. 375 ; *Fuller* v. *Jewett*, 80 id. 46 ; Wood on Master and Servant, 730, 791 ; *Lansing* v. *N. Y. C. R. R. Co.*, 49 id. 521 ; *Corcoran* v. *Holbrook*, 59 id. 417 ; *Slater* v. *Jewett*, 85 id. 61 ; *P. R. R. Co.* v. *Ogier*, 35 Penn. St. 60 ; *Cayzer* v. *Taylor*, 10 Gray, 274.) The fact that plaintiff put his fingers on the saw was not, in any aspect of the case, contributory negligence. (*Stringham* v. *Stewart*, 100 N. Y. 516 ; *Benzing* v. *Steinway*, 101 id. 547.) The ground of objection was not stated by defendant in his objections. For this reason the exceptions are unavailing and cannot be reviewed. (*Schoener* v. *Lissauer*, 36 Hun, 100, 102 ; *Tooley* v. *Bacon*, 70 N. Y. 34 ; *Crosby* v. *Day*, 81 id. 243 ; *Bergmann* v. *Jones*, 94 id. 51.)

PARKER, J.   The action was for injuries sustained by plaintiff while in the employ of the defendant.

For some months prior to the accident plaintiff had been engaged in the operation of sawing machines in defendant's car shops at West Morrisania.   The injury resulted from the unexpected starting of the machinery while plaintiff was engaged in changing saws.   It is alleged that the starting was occasioned by the fact that the square bolt or pin, which holds the weight or binder from the belt, called the lever pin, had become so nearly round by frequent use, that it slipped out of the square slot into which it was entered, thereby causing the weight or binder to drop upon the belt and start the saws.

The defendant's evidence tended to show that the plaintiff, having full knowledge of the existence of the defect complained of, nevertheless continued to use the machinery until the happening of the accident.   If such were the fact, defendant is not chargeable with the consequences resulting therefrom.   (*Powers* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 274; *Monaghan* v. *N. Y. C. & H. R. R. R. Co.*, 45 Hun, 113.)

But upon this point the evidence was conflicting, and thus was presented a question of fact for the jury.

The counsel for the defendant, at the close of the charge, requested the court to instruct the jury "that if the plaintiff knew or had notice that the machine was out of order, and with this knowledge placed his left hand upon the saw, that the placing of his hand upon the saw, with this knowledge and under the circumstances, constitutes contributory negligence, and the plaintiff cannot recover."

The request was denied and an exception taken.

Inasmuch as the court had omitted to instruct the jury upon this subject previous to the making of the request, the refusal to charge as requested was error.   (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Gibson* v. *E. R. Co.*, 63 N. Y. 449.)

The judgment should be reversed

Bradley, J. (dissenting). I am unable to adopt the view of the majority of the court that it was error to refuse to charge, as requested, that if the plaintiff then knew or had notice that the machine was out of order, the placing of his hand upon the saw constituted contributory negligence, and he could not recover. The question whether the plaintiff was chargeable with contributory negligence was one of fact, and was submitted to the jury, and the court charged them that if the plaintiff had notice of *the* defect in the machine and continued to operate it, that was a very important fact for them to consider in determining the question of his contributory negligence. There appears to have been a particular defect in a certain bolt or pin, which caused the machine to start and set the saw in motion. Of this defect the plaintiff testified he had no notice, although he had observed that the machine, as he expressed it, was a little shackly, and had called the attention of the foreman in the shop to it. He, therefore, may have had knowledge or notice that the machine was out of order without having any notice whatever of the defect which permitted the machine to start and put the saw in motion, or of any defective condition which rendered it dangerous for him to place his hand where he did at the time he received the injury. The evidence warranted the conclusion that he was proceeding in the usual manner to shift the saws to their places at the time of the accident; and that to do so he had to put his hand upon the saws to keep them in their place. The request to charge did not necessarily point to this defect, but by it the court was asked to hold as a matter of law, and to charge the jury, that if the plaintiff had knowledge or notice that the machine was out of order at the time in question the plaintiff was guilty of negligence and could not recover. This the court properly declined to charge the jury. The notice which would furnish such imputation would be notice of the particular defect which gave danger to the situation in which the plaintiff then was — a defect which would give apprehension that the machine was liable to start or was not in that respect subject to his control by the use of the usual and ordi-

nary means applicable to restrain or govern its motion. The fact, on the finding of which the court was requested to instruct the jury that the plaintiff could not recover, was knowledge or notice that the machine was out of order in any respect, although he had no notice that its condition was such as to cause it to start, or to occasion any apprehension that it was liable to do so without the use of the usual means employed through his aid to give motion to it. The language of the request should not be extended beyond its fair and necessary import for the predication of error upon it.

It, therefore, seems clear that the exception to the refusal to charge was not well taken.

The judgment should be affirmed.

All concur with PARKER, J., except BRADLEY, J., dissenting, and HAIGHT, J., not voting.

Judgment reversed.