LOUISA FREEMAN, as Administratrix, etc., of GEORGE N. FREEMAN, Deceased, Appellant, *v.* THE GLENS FALLS PAPER MILL COMPANY, Respondent.

*Employer and employee — negligence — failure to provide an automatic door for an elevator shaft — risk assumed by the employee.*

In an action brought to recover the damages resulting from the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant, the owner and operator of a mill in which the deceased was employed, the evidence showed that the defendant's mill, which was several stories high, stood on a steep bank, the upper story being on the street level and communicating with the lower stories by means of an elevator passing through a shaft; there was no trap or other door to close the shaft on the upper floor, but in place thereof there was a movable bar, with fastenings provided to place across the opening, which the defendant's employees were instructed to place in position after passing to or from the elevator. The deceased, who was well acquainted with the condition of the upper floor and the elevator opening, descended therefrom to a lower floor, without replacing the bar across the opening, and while engaged in loading the elevator on the lower floor was struck and killed because of one of several empty barrels, permitted to stand

temporarily on the upper floor, being disturbed by the jarring of the mill machinery, so as to roll into the shaft on the upper floor and fall through upon him; which would have been prevented had the bar been replaced by the deceased across the opening, in obedience to the instructions which he had received.

*Held,* that the evidence warranted a verdict in favor of the defendant, on the ground that the deceased contributed to the accident which produced his death;

That in such an action founded upon the defendant's alleged negligence, the fact that the defendant failed to maintain a trap or automatic door at the elevator opening, as prescribed by section 8 of chapter 462 of the Laws of 1887, did not release the plaintiff from the burden of showing that there was no contributory negligence on the part of the deceased ;

That as the deceased knew of, and was instructed what to do with, the device that took the place of a door, it must be held that it was satisfactory to him, and that he waived the full and complete performance of the duty which the defendant owed to him ;

That the deceased voluntarily assumed the risk incident to the absence of the automatic door, and in taking that risk waived the benefit of the statute ; and, hence, that as to him, its provisions were not to be considered.

APPEAL by the plaintiff, Louisa Freeman, as administratrix, etc., of George N. Freeman, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Saratoga county on the 2d day of November, 1891, upon a verdict rendered at the Saratoga Circuit, and from an order denying the plaintiff's motion for a new trial made upon the minutes.

*T. F. Hamilton,* for the appellant.

*King & Ashley* and *J. S. L'Amoreaux,* for the respondent.

HERRICK, J.:

The defendant was the owner and operator of a paper and pulp mill. The mill was three stories in height and stood upon a steep bank; the upper story of the mill was on a level with the street; communication between the different stories of the building was had by means of an elevator passing up and down through a shaft or well. There was no trap or other door, at the time of the accident, to close the well on the upper floor, through which the elevator passed; on the upper floor, this well was closed on three sides; on the remaining side were two bars ; the upper bar was fastened to the posts of the well; the lower bar was one that could be moved backwards and forwards through clasps attached to the posts of the well,

and when in position was about twenty-four inches above the level of the floor at one end, and about twenty-five and one-half at the other.

The plaintiff's intestate had been in the employ of the defendant about two months before the happening of the accident for which this action was brought, and used the elevator several times each day. There was evidence that instructions were given by defendant to its employees that when they passed through these bars to and from the elevator, they should close the lower bar after their passage; that such instructions were given to plaintiff's intestate; it is in evidence that on the day of and prior to the accident, plaintiff's intestate, upon entering the elevator to descend, left the lower bar out; that his attention was called to it by defendant's foreman, who told him that the bar must be kept in place.

That it was the custom of defendant to keep, temporarily, machinery, barrels and other movable articles on the first or upper floor. At the time of the accident, there were one or more empty barrels upon the first or upper floor. There is evidence to show that, just prior to the happening of the accident, the plaintiff's intestate, with two or three other workmen, went down the elevator; that the last person to enter the elevator was plaintiff's intestate; that, as they descended the elevator, the bar was not put in place, and that the elevator did not come back again to the upper floor, until after the accident; that about fifteen minutes after the elevator went down this last time the plaintiff's intestate, with others, were engaged in placing on the elevator, on the lower floor of the building, a large grindstone, using a stone boat to move the stone to and upon the elevator; while endeavoring to adjust the roller under the stone boat his head projected beyond the line of the well; an empty oil barrel upon the first or upper floor rolled from its position, apparently put in motion by the vibrations of the mill, caused by the workings of the powerful machinery, into the open well, and fell upon his head, causing his death. To recover the damages resulting from such death this action was brought.

Upon the first trial the plaintiff was nonsuited; she appealed to this court, where the judgment of nonsuit was reversed. (61 Hun, 125.)

The case being again tried was submitted to the jury, who found

for the defendant, whereupon the plaintiff appeals to this court for a new trial. Upon this last trial the court submitted four propositions of fact to the jury, as follows:

*First.* Did the deceased know the manner in which the first or street floor was used, and the purpose for which it was used? Answer. Yes.

*Second.* Did the deceased know that any empty barrels were permitted to stand temporarily on the street or first floor? Answer. Yes.

*Third.* Did not deceased on the day of the accident at any time see the empty oil barrel standing on the box by the post near the elevator? Answer. Yes.

*Fourth.* If the lower bar had been in position across the elevator well would the barrel have fallen in? Answer. No.

There is evidence to sustain all these findings by the jury; they relieve the case of a number of the questions presented when it was formerly before this court.

The uncontradicted evidence shows that the intestate must necessarily have known that there was no door to the well of the elevator on the first or upper floor; the evidence also shows that he was warned by the defendant's foreman of his duty to put the bar in place after entering, and before descending upon the elevator.

The jury have expressly found from the evidence that if the bar had been in place the barrel would not have fallen down the elevator well, and there is evidence from which the jury could well find that the last time the elevator went down before the accident, where it remained until after the accident, the intestate was the last man to enter it; that neither he nor those with him put the bar in its proper place upon descending, so that I think the jury could fairly find that the intestate contributed to the accident which produced his death. If the failure of plaintiff's intestate to obey the rules of the defendant, or the direction of its foreman, caused or contributed to the accident, the plaintiff cannot recover. (*La Croy* v. *N. Y., L. E. & W. R. R. Co.,* 132 N. Y. 570.)

The appellant strenuously insists that the judgment should be reversed, and a new trial granted by reason of an alleged error of the court in its charge to the jury as to the fact of the non-observance of section 8, chapter 462 of the Laws of 1887, which provides in substance that the owners, agents or lessees of buildings having

elevators, must provide trap or automatic doors to such elevators, so constructed as to open and close by the action of the elevator in ascending and descending.

In relation to that statute, the court charged as follows: "This statute itself has no sort of bearing upon the case, if you come to the conclusion, and I charge you, as matter of law, that you must come to the conclusion, that plaintiff's intestate * did know that this elevator was not provided with the automatic doors. So that I apprehend, when you come to the discussion of this case, you will lay aside that provision of law, because it has no bearing and cannot lead you to any proper conclusion, and ought not to have any weight in the jury box or jury room; it is not an element in this case. It is an undisputed fact in the case that deceased did know the manner in which the elevator was constructed; he knew what protection there was and he accepted the situation, accepted the employment, and did what he was doing on the day he was killed with the full knowledge of those things, so far as the protection against danger, which defendant had made to the elevator, is concerned."

I do not think this charge constitutes reversible error; in substance, it states the rule applicable to this case correctly. The statute was enacted for the benefit of employees; anyone injured in consequence of its not being complied with has undoubtedly a right of action therefor. (*City of Rochester* v. *Campbell*, 123 N. Y. 405–414; *Willy* v. *Mulledy*, 78 id. 310.)

The action is not brought upon the statute, but is founded upon defendant's alleged negligence. The violation of the statute by not furnishing doors to the well hole is undoubtedly evidence of the negligence charged, but it does not follow from that, that the charge was erroneous.

The duty prescribed by this statute is not more or greater than the common-law duty of an employer to his employees to provide a safe place in which, and proper machinery with which, to work. And the defendant's liability to the person injured by reason of the statute not being complied with, is not an absolute one, but is subject to the same limitations and restrictions as is the common-law liability for not furnishing a safe place and proper machinery.

---

* NOTE.— This is "defendant" in the case on appeal, but it would appear that the "plaintiff's intestate" was intended. — [REP.

The defendant's non-compliance with the statute would not relieve the plaintiff from the burden of showing a lack of contributory negligence on the part of the intestate. (*McRickard* v. *Flint*, 114 N. Y. 222–227.)

The duty imposed by the statute was for the benefit, among others, of plaintiff's intestate; it was one that could be waived by him, so far as he was concerned, in accepting employment of the defendant. (*Willy* v. *Mulledy*, 78 N. Y. 310–315.)

The absence of a door from the well was apparent, and must have been well known by plaintiff's intestate; he worked there for weeks before the happening of the accident, used the elevator daily and several times a day; he knew of and was instructed what to do with the device that took the place of a door; it must be held that it was satisfactory to him, and that he waived the full and complete performance of the duty which defendant owed to him, and that he voluntarily assumed the risks incident to the absence of the door. (*Gibson* v. *Erie Railway Co.*, 63 N. Y. 449; *De Forest* v. *Jewett*, 88 id. 264; *Anthony* v. *Leeret*, 105 id. 591–600; *Hickey* v. *Taaffe*, Id. 26–35; *Shaw* v. *Sheldon*, 103 id. 667; *Appel* v. *B.*, *N. Y. & P. R. Co.*, 111 id. 550; *Fredenburg* v. *N. C. R. Co.*, 114 id. 582, 584; *Williams* v. *D., L. & W. R. R. Co.*, 116 id. 628; *Odell* v. *N. Y. C. & H. R. R. R. Co.*, 120 id. 323; *Davidson* v. *Cornell*, 132 id. 228–234.) And in taking that risk he waived the benefits intended by the statute, and as to him its provisions are not to be considered.

The court was correct also in charging the jury that they must come to the conclusion that plaintiff's intestate did know that the elevator was not provided with automatic doors.

That it was not so provided was perfectly obvious and apparent, uncontradicted and undisputed. It was a matter the plaintiff's intestate could not help knowing, and a specific finding to the contrary by the jury would have been properly set aside by the court as one not only contrary to the evidence, but wholly without evidence to support it.

The findings of the jury were sustained by the evidence, and the case was properly submitted by the court, and the judgment should, therefore, be affirmed, with costs.