JAMES McNEIL, as Administrator, etc., of ARTHUR McNEIL, Deceased, Appellant, v. THE NEW YORK, LAKE ERIE & WESTERN RAILROAD COMPANY, Respondent.

*Master and servant — a failure to "block" railroad tracks, not negligence.*

An employee assumes the risk of his employment. His master is not bound to furnish the best kind of appliances, nor to give an extreme character to a structure so as to insure safety. The measure of his duty is reasonable care.

In an action brought by an employee's administrator against the employer to recover the damages resulting from the death of the employee, it was shown that the employee's foot was caught between the guard rail and the main rail of a railroad while he was disconnecting moving cars; and that the guard rails were not blocked, which, had they been so, would have prevented his foot from being caught between the rails.

*Held,* that no negligence was shown on the part of the defendant.

APPEAL by the plaintiff, James McNeil, as administrator, etc., of Arthur McNeil, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orange on the 26th day of June, 1891, dismissing the plaintiff's complaint after a trial at the Orange County Circuit before the court and a jury.

*John W. Lyon,* for the appellant.

*Lewis E. Carr,* for the respondent.

BARNARD, P. J.:

Arthur McNeil, on the 2d of December, 1888, was killed by being run over by the moving cars of defendant. The deceased was a brakeman in the employ of defendant and the accident to him happened while he was engaged in switching cars. The deceased stepped between moving cars to disconnect them, and his foot was caught between the guard rail and the main rail. The negligence claimed on the part of defendant is that the company did not block the guard rail; which is done by placing in the opening between the two rails, something which would prevent the foot of an employee from being caught between the two rails. The rule is that an employee assumes the risk of the employment. (*Kern* v. *De Castro, etc., Company,* 125 N. Y. 50; *Davidson* v. *Cornell,* 132 id. 228.)

The master is not bound to furnish the best kind of appliances or to give an extreme character to the structure so as to insure safety. The measure of duty is reasonable care. The evidence tended to show that some guard rails were blocked and some not. The case cannot be distinguished from the case of *Appel* v. *Buffalo, etc., R. R. Co.* (111 N. Y. 550).

The nonsuit was, therefore, right and the judgment should be affirmed, with costs.

Pratt, J., concurred.

Judgment and order denying new trial affirmed, with costs.