LEWIS F. FRENCH, Respondent, *v.* FRANK AULLS, Appellant.

*Master and servant — personal injury — negligence — character of the machine furnished by the master — risk of the employment — equal knowledge as to the machine — contributory negligence.*

In an action brought by an employee against his employer to recover damages for a personal injury sustained by the plaintiff while using a circular wood saw, moving in a slit upon a table, which had been furnished for his use on entering upon the employment about two years before his injury, it was claimed that the defendant was negligent by reason of the character of the machine furnished by him. It appeared that the machine was of the ordinary construction of machines used for the purpose; that others of the same kind were in use and had been for many years, and that it was open and visible to the plaintiff.

*Held,* that, under these circumstances, the plaintiff must be regarded as having assumed the risk and perils incident to the use of the machine, in accepting employment to operate it, notwithstanding the fact that there were other and safer machines in use.

It was also claimed that the defendant was negligent in not having a 'hood' over the saw. It appeared that in some mills hoods are placed over the saw, but that they cover it only in part, and that the lower part of the saw which comes in contact with the wood to be sawed has to be left open, and that the plaintiff's injury was inflicted by the lower part of the saw as he was removing the sawed wood from the table.

*Held,* that the charge of negligence was not sustained, for the reason that it was not apparent that the accident would not have happened had there been a hood over the saw.

The proximate cause of the accident was the breaking of a rope attached to the frame of the saw and running over a pulley where it was held at the further end by a weight, the purpose of which was to draw and hold back the saw from the table after each operation of the saw. It was claimed that the defendant was negligent by reason of a defect in the rope. It appeared that the rope was in plain sight, and was often seen both by the plaintiff and

defendant; that it had no broken strands or appearance of weakness ; that on the day of the accident the plaintiff observed that the rope was a little flattened at the point where it passed over the pulley, but discovered nothing further in reference to its defective condition ; that the plaintiff knew as much about the rope as the defendant, and that the defendant had no other or different knowledge in reference to it.

*Held,* that the facts brought the plaintiff within the rule of servants having equal knowledge with the master as to the character of the machinery in use, namely: If the knowledge or the ignorance of the master and that of the servant in respect to the character of the machine are equal, so that both are either without fault or in equal fault, the servant cannot recover damages from the master.

*Quære,* whether the plaintiff was not guilty of contributory negligence in permitting the saw to be jerked back suddenly and violently by the weight at the end of the rope, thus producing a greater strain upon the rope than would have existed if the plaintiff had eased the saw back by keeping his hand on a handle provided for that purpose.

APPEAL by the defendant, Frank Aulls, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Steuben county on the 2d day of July, 1892, upon a verdict rendered at the Steuben Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

*J. F. Parkhurst,* for the appellant.

*C. W. Kimball,* for the respondent.

HAIGHT, J. :

This action was brought to recover the damages which the plaintiff has sustained by reason of the loss of his arm. On the 4th day of April, 1890, he was in the employ of the defendant engaged in his mill, operating a circular saw. The saw was in a frame hung over a table by means of a hinge. When in a perpendicular position, the lowest point of the saw was slightly below the top of the table in a narrow slit. It was used for sawing slabs into stove wood. In the rear of the saw there was a beam ; and the saw, or frame in which it was placed, was held back against the beam by means of a rope running over a pulley, having upon the end thereof a weight.

To operate it a slab was placed upon the table against a straight edge ; and then the saw, or frame in which it was running, was pulled forward by means of a handle until the slab was severed, then eased back to its position until the slab could be moved

forward. It was the custom of the defendant to run his mill during the spring, summer and fall and then shut it down during the winter. The plaintiff had operated this saw for two seasons, and was engaged upon the third. On the day in question he had pulled the saw forward, cutting a slab in two, and then let the same back against the beam, and in doing so the rope broke, allowing the saw to again swing forward, severing his hand from the arm whilst he was engaged in removing the slab from the table.

It is claimed that the defendant was negligent: *First,* by reason of the character of the machine furnished for the work; *second,* by reason of his not having a hood over the saw ; and *third,* by reason of a defect in the rope. In reference to the first charge of negligence it appears that the machine was of the ordinary construction of machines used for that purpose ; that others of the same kind were in use and had been for many years ; that it was open and visible to the plaintiff. Under these circumstances he must be regarded to have assumed the risk and perils incident to its use in accepting employment to operate it, notwithstanding the fact that there are now other and safer machines in use. In the case of *Sweeney* v. *Berlin & Jones Envelope Company* (101 N. Y. 520), it was held that when a servant enters into the employment of a master to operate machinery used in his business of a certain kind or condition, and the servant knows it, he voluntarily takes the risk resulting from its use and can make no claims upon the master to furnish other or different safeguards ; that a master may carry on his business with an old machine not provided with all the safeguards attached to new machines. (See, also, *Hickey* v. *Taaffe,* 105 N. Y. 26 ; *De Forest* v. *Jewett,* 88 id. 264 ; *Appel* v. *B., N. Y. & P. R. Co.,* 111 id. 550 ; *White* v. *Witteman Lithographic Co.,* 131 id. 631.)

As to the second charge, it appears that in some of the mills hoods are placed over the saw, but that they only cover it in part. The lower part of the saw which comes in contact with the slab has to be left open. It appears that the plaintiff's arm was cut off by the lower part of the saw as he was removing the slab from the table. It is not, therefore, apparent that the accident would not have happened had there been a hood over the saw.

The serious charge arises in reference to the rope. The proximate cause of the accident was the breaking of the rope. The rope

had been put on new the season before and it continued in use the subsequent season. It had been the practice of the defendant to put on a new rope each spring, but he had neglected to do so this spring. It appears that the rope was in plain sight and was often seen both by the plaintiff and defendant; that it had no broken strands or appearance of weakness. On the day of the accident the plaintiff observed that the rope was a little flatter at the point where it passed over the pulley, but discovered nothing further in reference to its defective condition. It appears that the plaintiff knew as much about the rope as the defendant; that he knew of the time of its use; that he placed it upon the machine and fastened the weights to it; that he changed them several times, putting on heavier weights, and that it was constantly before his eyes when he was operating the saw. The defendant had no other or different knowledge in reference to it. It consequently appears to us that he is brought within the rule of servants having equal knowledge with the master as to the character of the machinery in use. In the case of *Marsh* v. *Chickering* (101 N. Y. 396–399), is is said by MILLER, J.: "As a general rule it is to be supposed that the master who employs a servant has a better and more comprehensive knowledge as to the machinery and materials to be used than the employee who has claims upon his protection against the use of defective or improper materials or appliances while engaged in the performance of the service required of him. The rule stated, however, is not applicable in all cases; and where the servant has *equal* knowledge with the master as to the machinery used, or the means employed in the performance of the work devolving upon him, and a full knowledge of existing defects, it does not necessarily follow that the master is liable for injuries sustained by reason of the use thereof." In 2 Thompson on Negligence, 1009, the rule is tersely stated as follows: " The master is under no higher duty to provide for the safety of the servant than the servant is to provide for his own safety. It follows that if the knowledge, or the ignorance, of the master and that of the servant in respect to the character of the machine are equal, so that both are either without fault or in equal fault, the servant cannot recover damages of the master." (*Clarkson* v. *The P. B. Co.*, 132 N. Y. 273–278 ; *Dingley* v. *The Star Knitting Co.*, 134 id. 552 ; *Wright* v. *The N. Y. C. R. Co.*, 25 id. 562–566.)

A serious question is presented in reference to the plaintiff's contributory negligence. It appears that the iron tied upon the end of the rope weighed from twenty-five to thirty pounds; that after the saw was pulled forward, cutting the slab in two, that if it was allowed to go back suddenly the weight would carry it against the beam with considerable force. The plaintiff tells us that he held to the handle until the saw was eased back part way; that then he would let go and pick up the slab that had been sawed off. The defendant's witnesses testified that on the day in question he let the saw slam back against the mill with such violence as to jar it, and as to sound like a sledge hammer. The plaintiff denies this, but concedes in his testimony that it would make some noise; that he could not say how hard it went back; that it would go back against the wall; that he was in a hurry, etc. The fact is undisputed that the rope broke over the pulley as the saw was let back against the beam. We can readily see that if the saw was allowed to spring back against the beam under the force given by the weight upon the rope of twenty-five pounds or upwards, that it would cause a sudden jerk and produce a strain upon the rope much greater than it would be if the saw was quietly eased back to its place of rest. The trial court submitted this issue to the jury. Perhaps the evidence is sufficient to warrant such submission. We prefer to rest our decision upon the question of the plaintiff's possessing equal knowledge with that of the defendant.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.