80  415
5ap503

GEORGE L. SIMPSON, Respondent, *v.* NEW YORK RUBBER COMPANY, Appellant.

*The risks, as regards defective machinery, assumed by a servant — statutory provisions for the protection of employees cannot be waived.*

A servant accepts the service of his master subject to the risks incident to it, and when he enters into the employment, knowing the character and condition of the machinery and implements used in the master's business, he voluntarily assumes the risk resulting from their use, and can make no claim upon the master to furnish other or different safeguards.

Although parties may waive statutory provisions enacted for their benefit, and may even make laws for themselves which the courts are bound to administer, provided there is no question of public policy involved, yet, when there is a statutory enactment that certain safeguards shall be provided for the security of employees in a factory, and the failure to provide such safeguards is criminal, the employee, by continuing to work, knowing that the machinery is not guarded as prescribed by statute, does not waive the provisions of the statute, nor does he assume such obvious risks as are incident to the use of the machinery without the required safeguards. (BROWN, P. J., dissenting.)

APPEAL by the defendant, the New York Rubber Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 11th day of October, 1893, upon the verdict of a jury, rendered after a trial at the Dutchess Circuit, and also from an order made at the Dutchess Circuit on the 6th day of October, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*M. H. Hirschberg*, for the appellant.

*William D. Dickey*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment for the plaintiff entered upon the verdict of a jury. The action is to recover damages for personal injuries. The plaintiff was in the employ of the defendant and had worked in its factory for some two years before the occurrence of the accident. On the occasion of that accident, while moving a truck, he slipped and fell, and his hand and arm were caught in some cog gearing and so injured as to necessitate partial amputation. The action is based upon the statute requiring cogs, gearing, etc., to be properly guarded. (Chap. 673, Laws of 1892.) The questions of the negligence of the plaintiff, whether he was properly passing the machinery at the time of the injury and whether the machinery was properly guarded, were submitted to the jury. The instructions on these questions were correct, and as we interpret the rather colloquial discussion between the court and counsel at the end of the formal charge, the defendant has no cause of complaint as to them. The serious question in the case is the waiver by the plaintiff of the requirements of the statute. The learned judge was asked to

charge that if the defendant failed to properly guard the shaft and cog wheel, and the plaintiff knew it and still continued in defendant's employ, he waived the provision of the statute in that regard and assumed such obvious risks as were incident to the use of the machinery in that condition. This the court refused, and the defendant excepted. This request and refusal fairly raise the question.

The general rule settled by authority is: "A servant accepts the service subject to the risks incident to it, and where, when he enters into the employment, the machinery and implements used in the master's business are of a certain kind or condition, and the servant knows it, he voluntarily takes the risk resulting from their use, and can make no claim upon the master to furnish other or different safeguards." (*Sweeny* v. *Berlin & Jones Envelope Co.*, 101 N. Y. 520.)

But the question presented in this case is a different one. The statute has enacted that certain safeguards shall be had for the security of employees of the factory. The failure to provide these statutory safeguards is criminal. It is doubtless true that parties can waive statutory provisions for their benefit and can even make laws for themselves which the courts are bound to administer, provided there is no question of public policy involved. (*In re Petition of N. Y., L. & W. R. R. Company*, 98 N. Y. 447; *Sentenis* v. *Ladew*, 140 id. 463.)

But is there no question of public policy involved here? To our mind there is, and that public policy should induce us to hold, unless a contrary doctrine is settled by authority, that this statutory protection cannot be waived. Our notion of government has confined State interference with the freedom of individual action within narrow limits, but such interference has never been wholly prohibited. Experience has shown that in some matters persons must be protected from their own imprudence. If there were to be considered only the interest of the individual in his personal security the statute would be unnecessary. The end sought to be accomplished could equally well be secured by contract between the employer and the employee. The matter has always been a subject of contract, that is, no law has ever forbidden employees making the guarding of machinery a condition of their service. Yet such contracts are

unknown. If, therefore, assent can dispense with the statutory protection the subject for practical purposes is left in the same condition as it was before the enactment of the statute.

But the State has great interest in the protection of its members, and this even of the most utilitarian character. In the case of a maimed employee, he and his family are likely to become a public charge; the same is true of the family of an employee killed. The community would seem to have as much interest in the protection of the life and limbs of a member of it as in the question whether he should pay eight per cent or six per cent interest. Yet by no means which human wit can devise can he make a valid contract to pay more than six per cent in this State. The doctrine of waiver or contributory negligence under this statute is but the equivalent of the contention "*in pari delictu*" under the usury statute, a claim always repudiated by the courts. We admit that the terms of the Usury Law differ from those of the statute under consideration. But the present form of the Usury Law is simply the result of a long strife between the Legislature and the courts, the latter trying to avoid the effect of the legislation, a strife in which the Legislature eventually proved victorious. Nor is the legislation under discussion anomalous. At the present time there seems to be a tendency to reaction in the doctrine of non-interference. Within a few years the State has prescribed the prices to be charged for elevating grain in the port of New York, by private individuals who possess no franchises nor even special facilities for the business. Yet this legislation is held valid both by the Court of Appeals and by the Supreme Court of the United States. (*People* v. *Budd*, 117 N. Y. 1; 143 U. S. 517.)

The claim that the question is settled by authority adversely to these views is based on the case of *Freeman* v. *Glens Falls Paper Mill Co.* (70 Hun, 530; affirmed, without opinion, Court of Appeals, April 24, 1894). The effect of such affirmance is stated by Judge FINCH to make that court "responsible only for the point decided, and did not make us guarantors of all the reasons given or opinions expressed." (*Rogers* v. *Decker*, 131 N. Y. 490.)

In the case cited from Hun the action was for negligence and not based on the statute. The question here was, therefore, not necessarily involved. So far as we have any intimations from the Court

of Appeals on the question they are adverse to the contention that the statute can be waived. In *White* v. *Witteman Lithographic Company* (131 N. Y. 631), referring to this statute, Judge EARL says : " It is not always true that the absence of guards about the machinery in such a case, provided the boy knew it, can have no bearing upon the liability of the employer."

In *Purdy* v. *Rome & Watertown R. R. Co.* (125 N. Y. 209) an agreement in advance releasing the defendant (master) from damage for every cause was held void as without consideration, the simple continuance of employment being held insufficient to support it. The distinguished judge who wrote the opinion intimated grave doubts whether such an agreement was not void as against public policy. That view is the one uniformly adopted at Circuit in this district so far as we know. The same public policy which would render such an agreement void would seem also to avoid an agreement to waive the protection of the statute here under consideration.

The judgment appealed from and order denying new trial should be affirmed, with costs.

DYKMAN, J., concurred.

BROWN, P. J. :

I concur in the affirmance of the judgment in this case, but I do not now agree to the proposition that an employee cannot waive the provision of the statute which requires owners of manufacturing establishments to properly guard all machinery so far as the statute may be treated as having been enacted for the employee's benefit and protection.

Whether the plaintiff had waived the benefit of the statute was upon the trial treated by the court and counsel as a question of law. No request was made to have the question of waiver submitted to the jury. It is true the court refused to charge that if the plaintiff waived the provision of the statute he could not recover, but as it had correctly ruled that there was no waiver in law, and as there was no request to submit the question to the jury, there was no error in its refusal to charge as requested.

The rule applied by Justice CULLEN excludes waiver by express stipulation, as well as that arising from the continued use by the employee of improperly guarded machinery. It is not raised in

this case by any appropriate exception, and while it may be that the views expressed are correct, I prefer to withhold my opinion until the question is directly presented and has been fully argued.

The ruling of the court that the plaintiff could not, upon the facts presented, be deemed to have waived the benefit of the statute, is directly sustained by *Knisley* v. *Pratt* (75 Hun, 323) and *Freeman* v. *Glens Falls Paper Mill Co.* (61 id. 125), and is in harmony with the remarks of Judge EARL in *White* v. *Witteman Lithographic Co.* (131 N. Y. 631).

There is nothing in the second report of *Freeman's Case* (70 Hun, 530 ; affirmed in Court of Appeals, without opinion, in April, 1894) that necessarily conflicts with these authorities.

Upon the facts found by the jury upon the second trial the plaintiff was guilty of contributory negligence, and as the judgment is sustained by that fact we cannot assume that the Court of Appeals approved of the views expressed in the General Term opinion.

The judgment must be affirmed.

Judgment affirmed, with costs.