MARY E. FRANCE, as Administratrix, etc., of LEWIS J. FRANCE, Deceased, Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURGH RAILROAD COMPANY, Appellant.

*Duty of a master to furnish suitable appliances — risks assumed by a servant — failure of a railroad company to equip its trains with air brakes.*

A master does not owe to his servants the duty of furnishing the best known or conceivable appliances; he is simply required to furnish those that are reasonably safe and suitable, such as a prudent man would furnish if his own life were exposed to the danger that would result from unsuitable or unsafe appliances.

As a rule a servant entering into an employment which is hazardous assumes the usual risks and perils of the service — those which are apparent to ordinary observation or which he must know if he exercises ordinary care and observation; and when he accepts or continues in the service with knowledge of the structures or implements used from which injury may be apprehended he assumes the hazards incident to the situation.

*Semble,* that a master may carry on his business with old appliances and machinery not provided with all the safeguards attached to newer ones, and that he has the right to arrange his own premises and appliances in a way which suits his convenience, and is not bound to change the arrangement to secure greater safety to his employees where the dangers to which the servant is exposed are known and obvious.

Prior to the general use of air brakes upon railroad trains, and the thorough establishment of the practical efficiency thereof, it was not negligence for a railroad company not to equip its trains with air brakes and to rely upon hand brakes which were at that time supposed to be reasonably safe and suitable.

APPEAL by the defendant, The Rome, Watertown and Ogdersburgh Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 19th day of July, 1894, upon the verdict of a jury rendered after a trial at the Oswego Circuit, and also from an order made at the Oswego Circuit on the 2d day of April, 1894, and entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*D. G. Griffin,* for the appellant.

*William Tiffany,* for the respondent.

MARTIN, J.:

This action was to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant.

The accident in which he was killed occurred at Carlyon on the 27th day of July, 1883. The decedent was an employee of the defendant. He was a fireman upon one of the engines drawing the train to which the accident occurred. He had been employed in that capacity for about two years, and had been otherwise employed upon the defendant's road for several years before he commenced work as a fireman. The train to which the disaster occurred, besides the two engines drawing it, consisted of six Wagner sleeping cars, three sleepers of the defendant, a day coach and baggage car. At Carlyon there was a branch track leading from the defendant's main track, and upon it had been left a freight car standing some distance from the main track. During a heavy storm of wind and rain, which shortly preceded the accident, this freight car had been blown from the branch so as to obstruct the main line, which was the cause of the disaster that followed. This obstruction was not discovered until the engine was within three or four rods of the car, when a signal for brakes was immediately given and the engine reversed, but the collision followed, resulting in the derailment of the two engines, the baggage car, the day coach and the three sleepers of the defendant. The decedent fell under the engine or tender and was killed. The train was not equipped with air brakes, and at the time none of the defendant's trains were thus equipped, but hand brakes were used by the defendant upon all its trains. There were but two or three brakemen upon the train.

The only grounds of the defendant's negligence, which the learned trial judge submitted to the jury, were : 1, whether the defendant was negligent in not equipping its train with air brakes; and, 2, whether it was negligent in not furnishing a greater number of brakemen. He also submitted to the jury the questions whether the defendant's omission to equip its train with air brakes, or its failure to furnish additional brakemen, contributed to or caused the injury which resulted in the decedent's death.

The first question presented for consideration in this case is as to the propriety of the submission to the jury of the question of the

defendant's omission to furnish air brakes upon its train, as a ground of negligence, entitling the plaintiff to recover if it contributed to the injury complained of.

At the time of the accident the use of air brakes may be said to have been in its infancy, and their practical efficiency was not, perhaps, thoroughly established. While it was shown that they had been adopted and were in use upon several railroads in the State, still, the evidence failed to show that they were in general use. The question of their efficiency in controlling the movement of trains was not at that time as well understood as now. We think the court improperly submitted to the jury the question of the defendant's negligence, based upon its omission to supply its cars with air brakes.

It was held in *Burke* v. *Witherbee* (98 N. Y. 562) that the master does not owe to his servant the duty to furnish the best known or conceivable appliances; he is simply required to furnish those that are reasonably safe and suitable, such as a prudent man would furnish if his own life were exposed to the danger that would result from unsuitable or unsafe appliances. The doctrine of that case was followed in *Probst* v. *Delamater* (100 N. Y. 266); *Marsh* v. *Chickering* (101 id. 396); *Bajus* v. *Syracuse, B. & N. Y. R. R. Co.* (103 id. 312, 318); *Hickey* v. *Taaffe* (105 id. 26); *Lafflin* v. *Buffalo & Southwestern R. R. Co.* (106 id. 136); *Stringham* v. *Hilton* (111 id. 188), and *Harley* v. *B. C. M. Co.* (142 id. 31).

Another well-settled rule of the law of negligence is that, as a general rule, a servant entering into an employment which is hazardous assumes the usual risks and perils of the service and those which are apparent to ordinary observation or which he must have known if he exercised ordinary care and observation, and when he accepts or continues in the service with the knowledge of the structures or implements used from which injury may be apprehended, he assumes the hazards incident to the situation. (*Gibson* v. *Erie Railway Co.*, 63 N. Y. 449; *Mehan* v. *Syracuse, B. & N. Y. R. R. Co.*, 73 id. 585; *De Forest* v. *Jewett*, 88 id. 264; *Powers* v. *N. Y., L. E. & W. R. R. Co.*, 98 id. 274; *Appel* v. *B., N. Y. & P. Ry. Co.*, 111 id. 550; *Williams* v. *D., L. & W. R. R. Co.*, 116 id. 628; *Odell* v. *N. Y. C. & H. R. R. R. Co.*, 120 id. 323; *Davidson* v. *Cornell*, 132 id. 228.)

It seems also that a master may carry on his business with old appliances and machinery not provided with all the safeguards that are attached to newer ones, and that he has the right to arrange his own premises and appliances in a way which suits his convenience, and is not bound to change the arrangement to secure greater safety to his employees, where the dangers to which the servant is exposed are known and obvious. (*Sweeney* v. *Berlin & Jones Envelope Co.*, 101 N. Y. 520; *Bajus* v. *Syracuse, B. & N. Y. R. R. Co.*, 103 id. 312; *Anthony* v. *Leeret*, 105 id. 591; *McDugan* v. *N. Y. C. & H. R. R. R. Co.*, 10 Misc. Rep. 336.)

Applying these rules to the facts, it becomes obvious that the plaintiff was not entitled to recover in this action upon the ground of the defendant's omission to equip its train with air brakes; that the court erred in submitting that question to the jury, and in refusing to charge that the evidence was insufficient to justify the jury in finding the defendant liable for negligence in that respect. As we have already seen, the plaintiff's intestate had been in the employ of the defendant for several years, and had been a fireman upon its engines running over the road for about two years. There were no air brakes used by the defendant upon any of its trains and never had been up to the time of the accident. This fact must have been known to the decedent, and he must have accepted and continued in the defendant's service with a full knowledge of that fact, as it was clearly apparent to ordinary observation. He, therefore, assumed the risks and perils of the service with the machinery and appliances used by the defendant, and it was not bound to change its machinery or appliances to secure greater safety to him. That the hand brakes were, at the time of the accident, regarded as reasonably safe and suitable there can be little doubt, and the defendant was not, we think, bound to furnish its employees with the best known or conceivable appliances. Thus it is manifest that the learned trial judge erred in submitting to the jury the question of the defendant's negligence based upon its omission to equip its train with air brakes.

Again, an examination of the evidence rendered it extremely doubtful if there was any proof that the omission of the defendant to furnish air brakes contributed to or was the cause of the dece-

dent's injury. The appellant's claim that this accident would not have occurred if the train had been supplied with air brakes, does not seem to be supported by the evidence, and is at best merely speculative and conjectural. In *Webster* v. *R., W. & O. R. R. Co.* (40 Hun, 161, 162), which arose out of this accident and was an action by a passenger, HAIGHT, J., who delivered the opinion of the General Term, said: "It further appeared that there were no air brakes upon the train; that the cars were supplied with the old hand brakes, but we are of the opinion that no negligence chargeable in this regard contributed to or caused the injury, for it distinctly appears from the testimony of all the witnesses who have given evidence upon the subject, that had the train been supplied with air brakes they could not have been set in time to prevent the collision or to have lessened its effect."

Whether the defendant was negligent in not furnishing a greater number of brakemen, is not perhaps important in view of our conclusion as to the preceding question. If, however, it were assumed that the defendant's omission to furnish a greater number of brakemen constituted negligence upon its part, it may be said that it is at least doubtful if the evidence was sufficient to justify the jury in finding that that omission contributed to or caused the injury which resulted in the death of the plaintiff's intestate.

Without further discussion of this case, we are clearly of the opinion that the court erred in submitting to the jury the question of the defendant's negligence based upon its not equipping its train with air brakes, and that for that error the judgment should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.