(33 App. Div. 217.)

MONZI v. FRIEDLINE et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

1. INJURY TO EMPLOYE—OBVIOUS DANGERS.

An employer does not render himself liable in damages for injuries to an employé merely because he has failed to point out obvious dangers, which any person of ordinary intelligence must necessarily perceive at once, for himself, without any instruction.

2. SAME—EMPLOYMENT OF MINOR.

The protection afforded by section 8 of the factory act (Laws 1892, c. 673), prohibiting the employment of persons under 18 years of age in cleaning machinery in motion, may be waived by the employé.

Appeal from trial term, New York county.

Action by Joseph Monzi against Louisa P. Friedline and another. From a judgment dismissing the complaint, by instruction of the court, after trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, RUMSEY, and O'BRIEN, JJ.

Charles Strauss, for appellant.
Daniel P. Mahony, for respondents.

McLAUGHLIN, J. On the 25th of November, 1896, the plaintiff, an employé of the defendants, sustained a personal injury; and he instituted this action to recover damages therefor, upon the ground that the same was caused solely by reason of the defendants' negligence. Upon the trial the plaintiff's evidence tended to show that the defendants at the time of the accident were the owners or in possession of a building in which was located an elevator, and which the plaintiff, then about 17 years of age, was engaged in operating. He had been at work but a few hours, when he was directed to grease the cable by which the elevator was run; and, in attempting to do so, his fingers were caught between the cable and a revolving wheel, and injured to such an extent that thereafter amputation became necessary. The plaintiff, in describing the manner in which the accident occurred, stated that he pulled the elevator to the top of the shaft, and then started it downward, and as it descended he commenced to grease the cable. He testified:

"When I touched the cable with my hand, my hand was above the wheel. The cable was moving towards the rim of the wheel. I had the grease in

my hand, and I was greasing, and I don't know how it was. I seen my hand caught in the wheel. I saw the wheel, and knew the cable was moving. * * * This cable runs continuously right around the wheel, up and down. I think, if you grease one part of that cable, the grease will extend to the other part. * * * I was not obliged to put grease on right up to the rim of the wheel."

Only two other witnesses were sworn,—one the physician, as to the extent of the injuries, and the other as to the instructions given, by the direction of the defendants, to plaintiff prior to his entering into defendants' service. At the close of plaintiff's testimony the complaint was dismissed, and this ruling of the learned trial justice presents the only question for review.

It is insisted on the part of the plaintiff that the court erred in dismissing the complaint, because the evidence tended to establish defendants' negligence, in that they did not give to the plaintiff sufficient instructions as to the proper method of performing his work, and also because they permitted the plaintiff, in violation of section 8 of chapter 673 of the Laws of 1892, to grease the cable while in motion. We are unable to see any force in either suggestion. Indeed, it is difficult to see upon what principle of law it could be supposed that the defendants could be held liable to compensate plaintiff for the injuries received by him, under the facts set out in the record before us. He was, as we have seen, at the time 17 years of age, and, so far as appears, of ordinary intelligence. He saw the revolving wheel and moving cable, and it was not necessary to instruct or tell him that, if he put his hand between the moving cable and the revolving wheel, he would be injured. It could be contended with just as much sense or reason that a person 17 years of age and of ordinary intelligence would not know, unless instructed or told, that fire would burn, or water seek a level, or, as observed by the learned trial justice, that it is dangerous to get in front of a moving locomotive, as it can in this case that the plaintiff did not know that he would be injured when he put his hand where he did because he was not told so. One does not need to be told what common sense derived from common observation teaches. The danger was apparent. The risk of greasing the cable while in motion was obvious, which the plaintiff assumed when he attempted to do the work in that way.

But it is said that the question of defendants' negligence should have been submitted to the jury, for the reason that they violated the provisions of the statute above referred to, in permitting the plaintiff to grease the cable while in motion. This section of the statute provides, among other things, that "no person under eighteen years of age and no woman under the age of twenty one years shall be allowed to clean machinery while in motion." The plaintiff was not cleaning, but oiling, the cable; and while a fair construction of the statute might, and doubtless would, include oiling as well as cleaning, yet in either case something more than a violation of the statute must be shown, to entitle one to recover damages for the injury received by reason of a violation of it. It will be observed that the statute does not purport to, and does not, give to one injured solely by reason of a violation of its pro-

visions a cause of action. Knisley v. Pratt, 148 N. Y. 372, 42
N. E. 986; Freeman v. Mill Co., 70 Hun, 530, 24 N. Y. Supp. 403;
Id., 142 N. Y. 639, 37 N. E. 567; De Young v. Irving, 5 App. Div.
499, 38 N. Y. Supp. 1089; O'Connell v. Clark, 22 App. Div. 466,
48 N. Y. Supp. 74. In the Knisley Case the court of appeals held
that an employé might, by entering upon the employment with full
knowledge of all the facts, waive the performance by the employer
of the duty of furnishing the special protection prescribed by the
statute. Judge Bartlett, in delivering the opinion of the court, ob-
served:

"We are of opinion that there is no reason in principle or authority why
an employé should not be allowed to assume the obvious risks of the busi-
ness as well under the factory act as otherwise. There is no rule of public
policy which prevents an employé from deciding whether, in view of in-
creased wages, the difficulties of obtaining employment, or other sufficient
reasons, it may not be wise and prudent to accept employment subject to
the rule of obvious risks. The statute does indeed contemplate the protec-
tion of a certain class of laborers, but it does not deprive them of their free
agency, and the right to manage their own affairs."

Under the principle declared in this case, as well as the other
cases cited, we think it must be held that the plaintiff waived the
protection conferred upon him by the statute. An employer, at
common law, is required to provide his employés with a reasonably
safe place to work, and also proper tools and appliances with which
to perform the work; but these requirements of the common law
may be waived, and the protection sought to be conferred by the
statute may also be waived under it. The liability under the stat-
ute is subject to the same qualifications and restrictions to one
injured as the common-law liability for not furnishing a safe place,
proper machinery, tools, and appliances; and a noncompliance of
the employer in either case does not relieve the plaintiff from the
burden of proving that his own negligence did not contribute to the
injuries sustained, or that he did not assume a known and obvious
risk. Freeman v. Mill Co., 70 Hun, 534, 24 N. Y. Supp. 403.

It follows that the plaintiff, by attempting to grease the cable
while in motion, assumed the risk to be encountered in doing the
work in that way, and he thereby waived the protection which the
statute afforded him. The complaint was properly dismissed.
Judgment must be affirmed, with costs. All concur.